Dana Dray McCANN, Petitioner

v.

**UNITED STATES of America, Respondent.**

No. C.A. 06–30205–MAP.

United States District Court, D. Massachusetts.

Jan. 3, 2008.

(1) defense counsel was not deficient in preventing defendant from testifying at trial;

(2) even if defense counsel was deficient, defendant was not prejudiced; and

(3) defendant's sentence was not excessive.

19. *See id.*

20. Order [# 23].

Dana Dray McCann, White Deer, PA, Pro se.

Steven H. Breslow, United States Attorney's Office, Springfield, MA, for Respondent.

**MEMORANDUM AND ORDER RE-GARDING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Docket No. 1)**

PONSOR, District Judge.

On March 7, 2002, Petitioner was charged in a superceding indictment with two counts of mail fraud, two counts of wire fraud, and three counts of engaging in monetary transactions in criminally derived funds. At the conclusion of Petitioner's eight-day trial on August 15, 2002, the court granted Petitioner's Motion for Judgment of Acquittal as to Count One, one of the mail fraud counts. Following deliberations, the jury acquitted Petitioner on Count Four, one of the wire fraud counts. Petitioner was found guilty of one mail fraud count, one wire fraud count, and all three of the counts charging him with engaging in monetary transactions in criminally derived funds.

On January 9, 2003, the court sentenced Petitioner to 105 months incarceration, the top of the Sentencing Guidelines range, based upon the court's assessment that Petitioner had engaged in a "shocking instance of terrible fraud" committed by "a

very skillful and opportunistic and really quite heartless con artist." Transcript of Sentencing Hearing, January 9, 2003 at 53.

Petitioner has now filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence, based upon three arguments. First, Petitioner alleges that he suffered ineffective assistance of counsel for various reasons. Second, he charges that the sentence handed down was "so far out of the proper guidelines as to be unreasonable and unjust." Dkt. No. 1 at 5. Third, Petitioner alleges that the restitution portion of the sentence was contradictory.

The government has filed a comprehensive memorandum addressing both the law and the facts relating to all three of these arguments. Given the well supported arguments presented in this brief, it is not necessary for the court to set forth its reasons for denying Petitioner's motion at length.

█ First, with regard to the claims of ineffective assistance of counsel, Petitioner has not pointed to any conduct falling below the level of competence identified in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Indeed, defense counsel's representation of Petitioner was vigorous, resourceful and intelligent. Petitioner's objections to counsel's tactical decisions, all of which were fully discussed with Petitioner, amount to no more than Monday morning quarterbacking. Beyond this, even if a constitutionally-relevant lapse in professionalism had occurred (which it did not), Petitioner suffered no prejudice. The evidence of his fraudulent conduct was overwhelming and supported both by credible witnesses and by documents.

Petitioner's strongest argument in the category of "ineffective assistance" relates to his claim that he communicated his desire to testify and was prevented from doing so by his attorney. The record will not support the legitimacy of this claim. The affidavit of Petitioner's counsel, and indeed the submissions of Petitioner himself, confirm that counsel and Petitioner discussed the possibility of Petitioner's testifying more than once, both previous to and during the trial, and even up to the night before the close of the government's case. On all occasions, defense counsel strongly urged Petitioner to refrain from testifying, based upon his extensive criminal record for previous frauds, and Petitioner agreed.

Petitioner points out, and counsel confirms, that once the government closed, Petitioner did state to his counsel, in effect "I must testify." Counsel, hearing this remark, repeated to Petitioner that he could not testify, based upon the potential revelation of his numerous previous frauds. After this remark from counsel, it is undisputed that Petitioner made no further comment and did not pursue the matter.

█ Criminal defendants cannot assure themselves a new trial by making this sort of brief, injudicious remark and then complaining that the failure of their attorney to change course immediately constituted ineffective assistance of counsel. In *Owens v. U.S.*, 483 F.3d 48 (1st Cir.2007), the Court of Appeals addressed a situation where the trial court had declined to conduct an evidentiary hearing to probe a *habeas* petitioner's claim that he had never been informed of his right to testify. *Id.* at 57. Here, the undisputed facts confirm not only that Petitioner knew he had a right to testify, but that he and his attorney discussed the option several times. Upon their agreement the night before the government rested its case that Petitioner's interests would be better served by not testifying, defense counsel understandably made no effort to prepare Petitioner

 

to take the stand. To change course and put Petitioner on the stand to testify with no preparation might itself have constituted ineffective assistance of counsel. The well-discussed decision that Petitioner not testify certainly did not constitute ineffective assistance.

Moreover, even if, in this regard, counsel's conduct fell below the constitutional minimum (which it did not), no prejudice resulted to Petitioner. The First Circuit recognized in *Owens* that in certain circumstances a failure to inform a defendant of his right to testify might result in no prejudice and therefore fail to qualify a Petitioner for *habeas* relief. *Id.* at 59, citing *Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir.1997). The essence of Petitioner's potential testimony was presented to the court in his lengthy presentation at sentencing, and it was utterly inconsistent with the testimonial and documentary evidence offered at the trial. Nothing Petitioner could have said would have had the slightest bearing on the well-supported and inevitable verdict in the case.

The other two claims for relief under § 2255 merit little discussion. The sentence was at the top of the applicable Guidelines range and was fully justified given Petitioner's criminal history, which the court found may have understated the real nefariousness of Petitioner's past conduct. The restitution order was not duplicative and was required by the statute.

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is DENIED, and the petition is hereby ordered DISMISSED. This case may now be closed.

It is So Ordered.